IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura Ann Toney, as personal representative of Maxie Lee Thomas, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Travis Windham, Sr.; Travis Windham Jr.; and TLT Holdings, LLC, <br><br> Defendants. | C/A No.: 3:16-3993-MBS-SVH <br><br><br><br> REPORT AND RECOMMENDATION |

Laura Ann Toney, as personal representative of Maxie Lee Thomas, Jr., ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Travis Windham, Sr., Travis Windham Jr., and TLT Holdings, LLC (collectively "Defendants"). Plaintiff asserts state law and due process claims and alleges the court has federal question jurisdiction "because of Violation of the Plaintiff's due process AND § 22-3302. Unlawful entry on property." [ECF No. 1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed this complaint seeking the recovery of real property. [ECF No. 1 at 3]. Plaintiff states she is the sister of the late Maxie Lee Thomas, Jr. and the personal representative of his estate ("Thomas estate"). *Id.* Plaintiff alleges she is the only heir to the Thomas estate and states she has an interest in property located at 71 Broad Acres, Bishopville, South Carolina ("Broad Acres"). *Id.* Plaintiff claims Defendants purchased Broad Acres in a foreclosure sale on December 7, 2016, but did not receive a deed to the property until December 22, 2016. *Id.* at 4. Plaintiff says Defendants broke into the house on December 19, 2016. *Id.* Plaintiff claims Defendants also cut down trees and stole her brother's personal property. *Id.* Plaintiff alleges she was "prevented from entering the premises without a 'notice to vacate' and the opportunity to obtain get brother's personal property." *Id.* Plaintiff claims she returned to Broad Acres on December 19, 2016, and discovered there was a person in the house. *Id.* at 10. Plaintiff states that she called law enforcement, and upon their arrival, she explained that she was the personal representative of the Thomas estate, the house was in foreclosure and had been sold, and Defendants had not received a deed to the property and had broken into the premises. *Id.* Plaintiff says on December 22, she discovered there was a no trespassing sign on the front lawn. *Id.* at 10–11. Plaintiff claims she "never received a notice that the Defendants had received a deed to the property or a Notice to vacate the premises or time to get her brother's belongings out of the house." *Id.* at 11. Plaintiff alleges she called the Lee

2

County courthouse and learned a master deed was filed on December 22, 2016. *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 17.

II.     Discussion

    A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in her pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a

4

complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332; and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff's complaint fails to demonstrate complete diversity of citizenship that satisfies the requirement of § 1332(a). Accordingly, the court has no diversity jurisdiction over this case.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert Defendants violated a federal statute, and to the extent Plaintiff seeks to bring claims for violations of her civil rights pursuant to 42 U.S.C. § 1983, she has failed to allege the violations outlined in her

5

complaint were committed under the color of state law. Purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over her claims, her complaint is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 11, 2017                                                   Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).