IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Laura Ann Toney, as personal representative of Maxie Lee Thomas, Jr., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| Travis Windham, Sr.; Travis Windham Jr.; and TLT Holdings, LLC, | |
| Defendants. | |

C/A No. 3:16-3993-MBS

**ORDER AND OPINION**

Plaintiff Laura Ann Toney, as personal representative of Decedent Maxie Lee Thomas, Jr., proceeding pro se and in forma pauperis, filed a complaint on December 27, 2016, alleging that Defendants Travis Windham, Sr.; Travis Windham, Jr.; and TLT Holdings, LLC bought certain property of Decedent at a foreclosure sale. Plaintiff contends that (1) she was deprived of property without due process of law, in that she was prevented from entering the premises without a notice to vacate and the opportunity to obtain the Decedent's personal effects (First Cause of Action); that Defendants entered the land in violation of S.C. Code Ann § 27-5-110 (Second Cause of Action); (3) Defendants entered the land in violation of D.C Code § 22-3302 (Third Cause of Action); (4) Defendants willfully violated the South Carolina law foreclosure (Fourth Cause of Action); (5) she suffered intentional infliction of emotional distress (Fifth Cause of Action); and (6) Defendants converted her property (Sixth Cause of Action). Plaintiff seeks injunctive relief; recovery of her property; and actual, treble, and punitive damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and applicable precedents. The Magistrate Judge found that Plaintiff's complaint failed to demonstrate complete diversity of citizenship to satisfy diversity jurisdiction. The Magistrate Judge further determined that Plaintiff's claims do not assert a violation of federal statute, and that, to the extent Plaintiff seeks to bring claims for violations of her civil rights under 42 U.S.C. § 1983, she failed to allege the conduct outlined in her complaint was committed under the color of state law. Accordingly, on January 11, 2017, the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily

dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 8, 2017


**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**